**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4380**

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

LEON BESSANT, JR.,

           Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:09-cr-00136-WO-1)

Submitted:  February 3, 2011        Decided:  March 3, 2011

Before MOTZ, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leon Bessant, Jr., appeals from his conviction and sixty-month sentence following a guilty plea to two counts of distribution of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2010). On appeal, Bessant's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious issues for appeal, but questions whether the district court complied with Fed. R. Crim. P. 11 in accepting Bessant's guilty plea and whether the district court erred in sentencing Bessant. Bessant was advised of his right to file a pro se brief, but has not done so. We affirm.

Bessant first questions whether the district court complied with Fed. R. Crim. P. 11, by sufficiently informing Bessant that he faced a mandatory minimum sentence of five years' imprisonment on both counts. Because Bessant did not move in the district court to withdraw his guilty plea, we review any error in the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).

Our review of the appellate record convinces us that the district court fully complied with the mandates of Rule 11 in accepting Bessant's guilty plea. In doing so, the district court properly informed Bessant of the nature of the charges and penalties he faced, explicitly stating that he faced a term of

2

imprisonment of not less than five years. Moreover, the district court ensured that the guilty plea was knowing and voluntary and supported by a factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We therefore affirm his conviction.

Bessant also questions whether the district court erred in imposing sentence. This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51.

In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. Bessant specifically questions whether the district court erred in calculating his criminal history category by including a state conviction that occurred after the conduct, but before imposition of sentence, in the present case. Although Bessant's sentence for the state narcotics conviction was imposed in 2007, after the commencement of the instant offense, it is nonetheless

3

a "prior sentence" because it was for conduct unrelated to the instant offense and was imposed prior to the January 7, 2010 sentencing for the instant offense. U.S. Sentencing Guidelines Manual § 4A1.2, cmt. n.1 (2008). Bessant's criminal history category thus was properly calculated.

Because the record reveals no procedural error in Bessant's sentencing, we conclude that the sentence is procedurally reasonable. In addition, Bessant's sentence pursuant to the statutory mandatory minimum is per se substantively reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008). Accordingly, we affirm Bessant's sentence as reasonable.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Bessant, in writing, of the right to petition the Supreme Court of the United States for further review. If Bessant requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bessant. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED